IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    04-cv-01763-WDM-OES

FRANK TRENT,

Plaintiff(s),

vs.

LAFARGE CORPORATION,

Defendant(s).

RECOMMENDATION FOR DISMISSAL

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  August 15, 2005

    Plaintiff is proceeding in this case without counsel.  I have reviewed all of the pleadings that have been filed by plaintiff with the deference that is due to them pursuant to the case law.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Although plaintiffs who proceed without counsel are entitled to a liberal reading of their pleadings, they are not entitled to have the court act as an advocate on their behalf.  Hall, 935 F.2d at 1110.

    Plaintiff has brought an action in which he alleges two claims for relief against defendant.  First, he sues pursuant to the Americans with Disabilities Act ("ADA"), 29 U.S.C. § § 621-634, and second, he has brought a state law claim for wrongful discharge.  Plaintiff's claim for wrongful discharge alleges that he was wrongfully discharged based upon his disabilities.

Defendant has filed a Motion for Summary Judgment. In its motion it argues that (1) plaintiff's two claims for relief are the same claim, but stated in two different ways; (2) plaintiff failed to file his Complaint within ninety days of the determination by the Colorado Civil Rights Division that plaintiff had no probable cause to support his claims; and (3) even if plaintiff had filed his Complaint in timely fashion, his claims should be denied on the merits because the accommodation sought by plaintiff in his Complaint is unreasonable as a matter of law. All of defendant's allegations and arguments are supported by references to exhibits that are attached with its Motion for Summary Judgment.

On August 1, 2005, plaintiff filed a response to defendant's motion. Plaintiff's entire response states as follows:

> The Defendant claims that this case should not be heard because the Defendant believes the case is time-barred. Per the Dismissal and Notice of Rights document that I received from the EEO it is my understanding that time was not expired for filing in state court, which is where the case was filed. (Please see the last sentence of the first paragraph under – NOTICE OF SUIT RIGHTS – on the attached document that my previous attorney was so gracious to provide).
> Therefore, I ask that the Defendant's motion be denied.
> As to the other issues raised by the Defendant on their Motion: It would be extreme for the court to grant the motion as I would be prohibited from having my day in court.

Pltf's Resp. at 1. Plaintiff attached no exhibits with his Response.

Defendant filed a Reply. In its Reply, defendant stated: "Defendant asks the Court to note that 98 days passed between the date of the Notice attached to Mr. Trent's Response, and June 28, 2004, when he filed his Complaint in State Court."

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment should be granted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence in the record must be viewed in the light most favorable to the nonmoving party, and the nonmovant must be allowed the benefit of all reasonable inferences to be drawn from the evidence. Maughan v. SW Servicing, Inc., 758 F.2d 1381, 1387 (10TH Cir. 1985).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by showing that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

A genuine factual issue is one that "can reasonably be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Id. at 250.

The substantive law identifies which facts are material. Id. at 248. A dispute over a material fact is genuine when the evidence is such that a reasonable jury could find for the nonmovant. One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way consistent with this purpose. Celotex, 477 U.S. at 323-24.

## DISCUSSION

1. Plaintiff's claim for wrongful discharge, his Second Claim for Relief, is identical to his claim under the ADA. In fact, his Second Claim merely states that plaintiff was discharged from employment by defendant "based on Plaintiff's disabilities."

In Colorado, a claim for wrongful discharge may not be asserted if a statute exists that provides the same remedies. Martin Marietta Corp. v. Lorenz, 823 P.2d 100, 107, n. 5 (Colo. 1992) (stating that no public policy exception to the doctrine of at-will employment exists when a statute at issue provides a remedy); Gamble v. Levitz Furn. Co., Inc., 759 P.2d 761, 766 (Colo.App. 1988) (holding that public policy exception is not available when the statute at issue provides an employee with a wrongful discharge remedy); Corbin v. Sinclair Marketing, Inc., 684 P.2d 265, 267 (Colo.App. 1984) (same); *see also* Caspar v. Lucent Technologies, Inc., 280 F.Supp.2d 1246, 1249 (D.Colo. 2003). For this reason, plaintiff's Second Claim for Relief should be dismissed.

(2) In his Response, plaintiff does not deny that he was required to file his law suit within ninety days of his receipt of a "right to sue" letter from the administrative agency that determined his complaint. The law states that the filing deadlines for Title VII have been incorporated into claims that are brought pursuant to the ADA. *See* 42 U.S.C. § 2000e-5(f)(1) (filing deadlines for Title VII); Croy v. Cobe Labs., Inc., 345 F.3d 1199, 1202 (10th Cir. 2003) ("These timing requirements are prerequisites to suit."). The law provides that a complainant must file suit within ninety days of his receipt of a determination of his claim, or notice of right to sue.

Plaintiff received his Notice of the Determination of his claim from the Colorado Civil Rights Division ("CCRD") on January 2, 2004. *See* Defts' Mtn SJ, Ex. C. He filed his Complaint in the District Court for Pueblo County on June 28, 2004, which is more than six months after the date he received his notice.

Plaintiff appears to argue in his Response that his deadline for filing suit was triggered by the Dismissal and Notice of Rights that he received from CCRD on March 22, 2004. Even if his filing deadline was triggered by this event, instead of the CCRD's determination of his claim, plaintiff still has failed to meet the filing deadline because his state court Complaint was not filed until 98 days after plaintiff received the notice of March 22nd.

(3) Even if plaintiff had met his filing deadline, summary judgment for defendant would still be appropriate. In the face of the exhibits that were attached to defendant's Motion for Summary Judgment, plaintiff has presented no evidence in the form of

documents, exhibits, deposition testimony or affidavits that would raise a genuine issue of material fact in regard to the reasonableness of the accommodation that was offered to him by defendant.

The undisputed evidence that is contained in defendant's exhibits, including plaintiff's own deposition testimony, reflects that plaintiff had a condition that occasionally resulted in uncontrolled bowel movements. While plaintiff was working for defendant at its Pueblo facility, defendant accommodated his condition by allowing him to go home and bathe after one of the unexpected movements. Unfortunately, defendant's business declined, and for undisputed legitimate business reasons defendant transferred plaintiff to its Colorado Springs facility. Plaintiff demanded that his condition be accommodated in either of two ways: (a) that his transfer be rescinded, or (b) that defendant pay for an apartment in Colorado Springs that plaintiff could use for bathing purposes.

Defendant declined to provide the accommodations that were requested by plaintiff. However, defendant pointed out to plaintiff that its facility in Colorado Springs had a place where plaintiff could shower, and he was free to use the shower whenever he suffered an unexpected bowel movement.

Plaintiff refused to accept the transfer of his employment to Colorado Springs. As a result, defendant terminated his employment.

In order to present a *prima facie* case of discrimination under the ADA, plaintiff is required to show (a) that he is disabled; (b) that he is qualified, *i.e.,* he is able to

perform the essential functions of his job with or without reasonable accommodation; and (c) that defendant terminated him due to his disability. Pack v. Kmart Corp., 166 F.3d 1300, 1304 (10th Cir. 1999). Defendant argues, and presents exhibits and testimony to support its argument, that plaintiff cannot establish a *prima facie* case because he cannot show that the accommodations that were offered to him were unreasonable, or that his insistence upon either a rescission of the transfer or the provision of an apartment were reasonable.

Once defendant properly supported its motion for summary judgment, the burden shifted to plaintiff to present evidence that demonstrated the existence of a genuine issue of material fact in regard to the claim that was being made by defendant. Plaintiff may not "rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

Plaintiff has failed to point to any genuine issue of material fact. In fact, plaintiff has failed to point to *any* fact. He merely argues in his Response that the granting of summary judgment for defendant would be "extreme." Plaintiff missed the entire point of defendant's discussion in regard to summary judgment in its Motion for Summary Judgment. As noted above, one of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way consistent with this purpose. Celotex, 477 U.S. at 323-24. Having failed to point to any issue of fact, plaintiff, in effect, has confessed that none exist, and that summary judgment would be appropriate on the merits of his claim.

**CONCLUSION**

I therefore RECOMMEND that Defendant's Motion for Summary Judgment [filed May 9, 2005] be GRANTED, and that plaintiff's case be DISMISSED.

Dated at Denver this day of August 15, 2005.

BY THE COURT:


 s/O. Edward Schlatter
O. Edward Schlatter
U.S. Magistrate Judge

**ADVISEMENT UNDER FED. R. CIV. P. 72**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  FED. R. CIV. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court.  Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).